[932 NE2d 877, 906 NYS2d 521]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEZINE MURRAY, Appellant.

Argued June 1, 2010; decided June 24, 2010

### APPEARANCES OF COUNSEL

*Mark Diamond*, New York City, for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Solomon Neubort* and *Leonard Joblove* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

 Defendant entered a plea to criminal possession of a weapon in the third degree with the understanding that he would "probably" be treated as a youthful offender and sentenced to a term of nine months if he produced proof that he was in school, received a favorable probation report, and appeared as directed for sentencing. He was advised that if he did not meet these conditions, he would be sentenced as an adult to a term of two years in prison followed by two years of post-release supervision (PRS). Defendant did not appear on the appointed sentencing date. When he did appear, several months later and after issuance of a bench warrant, the court, citing defendant's nonappearance, announced at the outset of the proceeding that it would sentence him as an adult, and, after hearing argument from defendant's counsel, imposed an adult sentence. The reason for the court's decision not to treat defendant as a youthful offender—his nonappearance on the original sentencing date—was rooted in the terms of defendant's plea and evident to all concerned; this was not a situation in which the court arbitrarily trifled with the legitimate expectations of the defendant based on the plea (*see People v Selikoff*, 35 NY2d 227, 240 [1974]). Under the circumstances, the court did not abuse its discretion in sentencing defendant as an adult.

 Defendant's further claim that the term of the PRS component of his sentence (three years), although of legal duration, did not conform to the term indicated at the plea proceeding (two years), is not preserved. While preservation is unnecessary to our address of a nonconforming PRS sentence where the defendant has not been made aware of that part of the sentence

before its imposition (*see People v Louree*, 8 NY3d 541, 546 [2007]), here defendant was advised of what the sentence would be, including its PRS term, at the outset of the sentencing proceeding. Because defendant could have sought relief from the sentencing court in advance of the sentence's imposition, *Louree*'s rationale for dispensing with the preservation requirement is not presently applicable.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.