■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RIVERA, Appellant. [936 NYS2d 199]—

Defendant entered into a plea agreement providing that he would receive a dismissal in the interest of justice if he successfully completed a drug treatment program and otherwise complied with the terms of the agreement. The agreement also provided that if defendant absconded from the treatment program he would be sentenced to an eight-year prison term. During the plea allocution, the court noted that if defendant absconded from the program, he would receive a term of post-release supervision (PRS) in addition to the eight-year prison term. The court did not, however, specify the length of the term of PRS to be imposed in the event defendant absconded. The first time the court ever informed defendant that his sentence would be eight years plus three years' PRS was when it actually imposed sentence, after defendant absconded and was returned on a warrant.

At the outset, we reject the People's assertion that defendant was required to preserve his present challenge to the voluntariness of his plea. Since the plea court "failed to advise defendant of the specific term of PRS . . . a postallocution motion was not required to challenge the sufficiency of the plea" (*People v Boyd*, 12 NY3d 390, 393 [2009]; *see also People v Louree*, 8 NY3d 541, 545-546 [2007]). Unlike the situation in *People v Murray* (15 NY3d 725 [2010]), defendant was not "advised of what the sentence would be, including its PRS term, at the outset of the sentencing proceeding" (*id.* at 727). When the prosecutor inaccurately stated the terms of defendant's plea agreement to the sentencing court, and requested a particular term of PRS, this did not constitute the type of advice to defendant contemplated by *Murray*.

Because PRS is a direct consequence of a conviction (*People v Catu*, 4 NY3d 242, 244 [2005]), a court must advise a defendant who pleads guilty not only of the fact that PRS will be imposed, but also of the length of the PRS term (*see People v Boyd*, 12 NY3d at 393; *see also People v McAlpin*, 17 NY3d 936 [2011]). Because the plea allocution did not satisfy that requirement, the plea was not knowingly, voluntarily, and intelligently made. Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Manzanet-Daniels, JJ.