Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered April 5, 2011, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
*748 Ordered that the judgment is affirmed.
The defendant contends that his plea was not knowingly, intelligently, or voluntarily entered because the County Court failed to advise him at the time of the plea that his sentence would include a period of postrelease supervision. Contrary to the People’s contention, a claim that a plea of guilty was not knowingly or voluntarily entered survives even a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Tuffini, 101 AD3d 1053 [2012]). Nevertheless, the defendant’s contention is unpreserved for appellate review because the defendant was made aware of the postrelease supervision component of his sentence at the outset of the sentencing proceeding, and nonetheless failed to move to withdraw his plea prior to the imposition of sentence (see People v Murray, 15 NY3d 725 [2010]; cf. People v McAlpin, 17 NY3d 936, 938 [2011]; People v Louree, 8 NY3d 541, 545-546 [2007]). We decline to reach the issue in the exercise of our interest of justice jurisdiction. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.