Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered April 24, 2012, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him to a term of 3V2 years, with three years’ postrelease supervision, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings on the indictment.
At the time of defendant’s plea, the court promised defendant a sentence of youthful offender treatment and probation if he completed the CASES program, had no new arrests and met certain other conditions. However, if defendant did not complete the program or violated any of the conditions, the court apprised him he would be “facing any lawful sentence which could be jail or prison.” When defendant violated the conditions and was rearrested, the court declined to adjudicate him a youthful offender and sentenced him to 3V2 years in state prison, plus three years postrelease supervision.
In People v McAlpin (17 NY3d 936 [2011]), the Court of Appeals vacated the plea and sentence where the court advised the *551 defendant that the consequences of violating a youthful offender agreement would be a prison sentence of at least 3V2 years, with a potential maximum sentence of 15 years, but did not mention that postrelease supervision would be imposed. The Court concluded that the mention of a specific prison term without also noting the possibility of postrelease supervision conveyed an inaccurate impression concerning the sentencing options. Similarly, by noting that the sentence could include jail or prison, without also mentioning postrelease supervision, the court here gave defendant an incomplete picture of the sentence he faced if he failed the conditions.
The People’s argument that this case can be distinguished from McAlpin because the court told defendant he could be facing “any lawful sentence” is not persuasive. The court’s reference to “jail or prison,” which followed the phrase “any lawful sentence,” may have conveyed an inaccurate impression that defendant’s sentence would only include a jail or prison term. Thus, defendant’s plea was not knowingly made and must be vacated (see People v Rivera, 91 AD3d 498 [1st Dept 2012]). Because we are vacating the plea, we need not address defendant’s claim that the court should have adjudicated him a youthful offender. Concur — Acosta, J.P, Saxe, Renwick, DeGrasse and Richter, JJ.