==================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
------------------------------------------------------------------
No. 164
The People &c.,
          Respondent,
        v.
Genna A. Turner,
          Appellant.

          Kimberly J. Czapranski, for appellant.
          Matthew Dunham, for respondent.

LIPPMAN, Chief Judge:

          The primary issue presented by this appeal is whether

defendant was required to preserve her claim that her plea was

- 1 -

not knowingly and voluntarily entered where she first received notice of the imposition of a term of postrelease supervision (PRS) at sentencing, and submitted to sentencing with the PRS addition. We reverse, vacate the plea, and remit for further proceedings, holding that the court must notify defendant of a term of PRS sufficiently in advance of its imposition that defendant has the opportunity to object to the deficiency in the plea proceeding. In the absence of such an opportunity, preservation is unnecessary.

In 2010, defendant assaulted her friend with a knife and then fled the scene. Shortly thereafter, a police officer noticed defendant pacing back and forth in a parking lot about a mile away. Without asking her any questions, the officer handcuffed defendant and placed her in the back of his patrol car. She then offered to show the officer where she stashed the knife. After locating the knife, the officer arranged a show-up identification during which the victim identified defendant as her assailant. Forty minutes after the arrest, defendant was placed in an interrogation room. About twenty minutes later, she waived her Miranda rights and, during light banter with the officers, she confessed to the crime. She added that she committed the crime with the hope that she would go to jail and be killed in prison.

Finding that the arrest lacked probable cause, County Court suppressed the knife and the incriminating statement

defendant made in the patrol car.  However, County Court did not suppress defendant's interrogation statements, ruling they were attenuated from the illegal arrest.

Thereafter, defendant pleaded guilty to an indictment charging her with attempted murder in the second degree with the understanding that the court would impose a sentence of 15 years' imprisonment.  The court failed to mention the period of PRS at the plea hearing.

In the middle of the subsequent sentencing proceeding, the following colloquy transpired:

> "PROSECUTOR: Judge, I believe – I can't recall if the post-release supervision period was discussed at the time of plea.  I think we should probably make a record of that now so it is clear.
>
> "COURT: I intend to make a five year period of post release supervision.
>
> "PROSECUTOR: Ms. Turner, have you had a chance to talk about that with your attorney?
>
> "DEFENDANT: Yes.
>
> "PROSECUTOR: Do you understand that[] that's part of your plea, at the end of your prison sentence you will be on parole supervision for a period of five years?
>
> "DEFENDANT: Correct.
>
> "PROSECUTOR: You still wish to go through with sentencing today?
>
> "DEFENDANT: Yes."

County Court imposed the sentence promised at the plea, plus the five years of PRS.

On appeal, defendant argued, among other things, that her plea was involuntary while the People countered that defendant's claim was unpreserved for appellate review. The Appellate Division affirmed the judgment. The majority extended the holding in People v Murray (15 NY3d 725 [2010]), ruling defendant's failure to object to the imposition of PRS, despite her opportunity to do so, rendered her challenge unpreserved (107 AD3d 1543, 1547 [4th Dept 2013]). Noting that defendant indicated that she knew of the PRS term before sentencing was imposed, the majority reasoned that "defendant could have sought relief from the sentencing court in advance of the sentence's imposition," and thus "Louree's rationale for dispensing with the preservation requirement is not presently applicable" (id. at 1547 [quoting Murray, 15 NY3d at 727]). Two justices dissented from this ruling,[1] and this appeal is before us by leave of one of them.

We held in People v Catu that "[a] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (4 NY3d 242, 244-245 [2005]). To meet due process requirements, a defendant "must be aware of the

_____

[1] The Appellate Division was unanimous in upholding County Court's suppression ruling.

postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action" (id. at 245). Without such procedures, vacatur of the plea is required (id.).

A defendant cannot be expected to object to a constitutional deprivation of which she is unaware. As we recognized in People v Louree, where the defendant was only notified of the PRS term at the end of the sentencing hearing, the defendant "can hardly be expected to move to withdraw [the] plea on a ground of which [he or she] has no knowledge" (8 NY3d 541, 546 [2007]). And, in that circumstance, the failure to seek to withdraw the plea or to vacate the judgment does not preclude appellate review of the due process claim.

The People would have us analogize this case to People v Murray (15 NY3d 725), where we held that the defendant's challenge to his plea on due process grounds was not preserved because he was informed at the plea allocution that he would receive a two-year PRS term, but then was notified at the outset of the sentencing proceeding that he would receive a three-year term. We are not persuaded. The defendant in Murray knew that PRS would be a part of the sentence when he accepted the plea and was therefore mindful that his imprisonment might be extended if he were to violate the terms of his PRS. Because Murray was notified of the PRS term at the plea allocution, and was advised at the commencement of the sentencing hearing that the PRS term

had changed, preservation by an objection was both possible and necessary (see Murray, 15 NY3d at 726-27).

Here, the court did not advise defendant at the time of her plea that her sentence would include any PRS, and only notified her of her PRS term in the middle of sentencing.  The same reasoning that applied in Catu and Louree applies here: the defendant did not have sufficient knowledge of the terms of the plea at the plea allocution and, when later advised, did not have sufficient opportunity to move to withdraw her plea.

Moreover, the prosecutor, not the court, led the sentencing colloquy and may have misled defendant by telling her that PRS was "part of her plea."

Turning to defendant's challenge to the admissibility of her confession, we do not disturb the denial of this branch of the suppression motion.  Because application of the attenuation doctrine in this case involves a mixed question of law and fact (see e.g. People v Divine, 6 NY3d 790, 791 [2006]), the Court may reverse the lower court's attenuation finding only if there is no evidence in the record to support the decision (see People v Bradford, 15 NY3d 329, 333 [2010]).  Here, there is record support for the affirmed finding that the custodial confession was attenuated from the illegal arrest.

Accordingly, the order of the Appellate Division should be reversed, defendant's plea vacated, and the case remitted to County Court for further proceedings on the indictment.

People v Genna A. Turner

No. 164

ABDUS-SALAAM, J.(dissenting):

While I agree with the majority that defendant's confession was admissible and that branch of her suppression motion was properly denied, I believe that her <u>Catu</u> argument required preservation in a manner consistent with the preservation rules that apply to challenges to the voluntariness of a guilty plea (<u>see</u> <u>People v Peque</u>, 22 NY3d 168, 182 [2013] ["Under certain circumstances, this preservation requirement extends to challenges to the voluntariness of a guilty plea"]; <u>see</u> <u>also</u> <u>People v Tyrell</u>, 22 NY3d 359, 364 [2014]; <u>People v Clarke</u>, 93 NY2d 904, 906 [1999]). Because the argument was unpreserved, I would affirm the Appellate Division order in its entirety.

Although the facts and arguments on the merits differ somewhat, this case is analogous to <u>People v Murray</u> (15 NY3d 725 [2010]). There we held that preservation of the defendant's objection to PRS was deemed to be required where defendant was informed in advance of his plea that he was facing a two-year period of PRS, but was then informed during sentencing that a three-year period of PRS would be imposed. We distinguished

- 1 -

People v Louree (8 NY3d 541, 546 [2007]), noting that "[b]ecause [the] defendant could have sought relief from the sentencing court in advance of the sentence's imposition, Louree's rationale for dispensing with the preservation requirement" -- that a defendant cannot move to withdraw his or her plea on a ground of which he or she has no knowledge -- "is not presently applicable" (id. at 727).

To be sure, as noted, the facts here differ from Murray, in that Murray was informed prior to his plea that some period of PRS would attach to his sentence, whereas defendant here was not informed of PRS until sentencing. In other words, Murray did not involve a Catu error per se, but rather featured the somewhat related error we identified in People v Boyd (12 NY3d 390 [2009]). Despite the distinction between the substantive defects in the plea and sentencing proceeding here and in Murray, the principal logic of Murray is that preservation is required where the defendant has sufficient opportunity to object to PRS or withdraw his or her plea.

During sentencing, defendant was informed of the five-year period of PRS that attached to her guilty plea, and she had the opportunity to object to the imposition of PRS or to withdraw her plea. At the sentencing hearing, after being informed by the prosecutor that PRS had not been discussed during the plea allocution, the trial judge stated to defendant, "I intend to make a five year period of [PRS]." The prosecutor asked

defendant whether she had discussed PRS with her attorney, to which she answered "Yes." The prosecutor then clarified by asking defendant whether she understood that PRS was a part of her plea, and that "at the end of [her] prison term [she would] be on parole supervision for a period of five years." Defendant responded, "Correct." The prosecutor asked defendant whether she wished to continue with the sentencing, and she answered, "Yes."

Louree recognized that a defendant has the opportunity to withdraw a plea "any time *before* imposition of the sentence" (8 NY3d at 545-546 [emphasis in original]). After discussing PRS, but before the sentence was actually imposed here, defendant's counsel asked the trial court a number of questions concerning completion of the plea-in-satisfaction form, counsel requested that a letter written by defendant be made part of the sentencing memorandum, and also requested that the trial court make a recommendation to the Department of Corrections that defendant be designated a special needs inmate. Defendant had ample opportunity to object to the imposition of PRS or to withdraw her plea before the sentence was imposed. Thus, preservation of her Catu argument was required, and defendant did not preserve that argument.

In finding the error unpreserved, I do not wish to suggest any endorsement of the trial judge's failure to more directly discuss the parameters of the plea and sentence with defendant at the sentencing proceeding. We held in Louree that a

trial judge is charged with ensuring that a defendant's plea is knowing, voluntary and intelligent (8 NY3d at 545-546).  It would certainly have been a better practice at sentencing for the trial judge, rather than the prosecutor, to have conducted the questioning.

Nonetheless, the trial judge here clearly stated to the defendant that he intended to impose a five-year period of PRS to defendant's sentence.  The trial judge presided over the colloquy between the prosecutor and defendant, where defendant indicated that she understood PRS, had spoken with counsel about PRS, and stated that she wished to continue with sentencing.  Based on that discussion, the trial judge would have no reason to believe that defendant should be offered her plea back or that she intended to withdraw her plea.

Because defendant had ample opportunity to object to the imposition of PRS and to request withdrawal of her plea, she was required to preserve her Catu argument.  Therefore, I dissent and would affirm the Appellate Division order.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, defendant's plea vacated and case remitted to County Court, Monroe County, for further proceedings on the indictment.  Opinion by Chief Judge Lippman.  Judges Graffeo, Read, Pigott and Rivera concur.  Judge Abdus-Salaam dissents in an opinion in which Judge Smith concurs.

Decided October 23, 2014