Abdus-Salaam, J.
(dissenting). While I agree with the majority that defendant’s confession was admissible and that branch of her suppression motion was properly denied, I believe that her Catu (People v Catu, 4 NY3d 242 [2005]) argument required preservation in a manner consistent with the preservation rules that apply to challenges to the voluntariness of a guilty plea (see People v Peque, 22 NY3d 168, 182 [2013] [“Under certain circumstances, this preservation requirement extends to challenges to the voluntariness of a guilty plea”]; see also People v Tyrell, 22 NY3d 359, 364 [2013]; People v Clarke, 93 NY2d 904, 906 [1999]). Because the argument was unpreserved, I would affirm the Appellate Division order in its entirety.
*260 Although the facts and arguments on the merits differ somewhat, this case is analogous to People v Murray (15 NY3d 725 [2010]). There we held that preservation of the defendant’s objection to postrelease supervision (PRS) was deemed to be required where defendant was informed in advance of his plea that he was facing a two-year period of PRS, but was then informed during sentencing that a three-year period of PRS would be imposed. We distinguished People v Louree (8 NY3d 541, 546 [2007]), noting that “[b]ecause [the] defendant could have sought relief from the sentencing court in advance of the sentence’s imposition, Louree’s rationale for dispensing with the preservation requirement” — that a defendant cannot move to withdraw his or her plea on a ground of which he or she has no knowledge — “is not presently applicable” (15 NY3d at 727).
To be sure, as noted, the facts here differ from Murray, in that Murray was informed prior to his plea that some period of PRS would attach to his sentence, whereas defendant here was not informed of PRS until sentencing. In other words, Murray did not involve a Catu error per se, but rather featured the somewhat related error we identified in People v Boyd (12 NY3d 390 [2009]). Despite the distinction between the substantive defects in the plea and sentencing proceeding here and in Murray, the principal logic of Murray is that preservation is required where the defendant has sufficient opportunity to object to PRS or withdraw his or her plea.
During sentencing, defendant was informed of the five-year period of PRS that attached to her guilty plea, and she had the opportunity to object to the imposition of PRS or to withdraw her plea. At the sentencing hearing, after being informed by the prosecutor that PRS had not been discussed during the plea allocution, the trial judge stated to defendant, “I intend to make a five year period of [PRS].” The prosecutor asked defendant whether she had discussed PRS with her attorney, to which she answered “Yes.” The prosecutor then clarified by asking defendant whether she understood that PRS was a part of her plea, and that “at the end of [her] prison sentence [she would] be on parole supervision for a period of five years.” Defendant responded, “Correct.” The prosecutor asked defendant whether she wished to continue with the sentencing, and she answered, “Yes.”
Louree recognized that a defendant has the opportunity to withdraw a plea “any time before the imposition of sentence” (8 NY3d at 545-546). After discussing PRS, but before the sentence *261 was actually imposed here, defendant’s counsel asked the trial court a number of questions concerning completion of the plea-in-satisfaction form, counsel requested that a letter written by defendant be made part of the sentencing memorandum, and also requested that the trial court make a recommendation to the Department of Corrections that defendant be designated a special needs inmate. Defendant had ample opportunity to object to the imposition of PRS or to withdraw her plea before the sentence was imposed. Thus, preservation of her Catu argument was required, and defendant did not preserve that argument.
In finding the error unpreserved, I do not wish to suggest any endorsement of the trial judge’s failure to more directly discuss the parameters of the plea and sentence with defendant at the sentencing proceeding. We held in Louree that a trial judge is charged with ensuring that a defendant’s plea is knowing, voluntary and intelligent (8 NY3d at 545-546). It would certainly have been a better practice at sentencing for the trial judge, rather than the prosecutor, to have conducted the questioning.
Nonetheless, the trial judge here clearly stated to the defendant that he intended to impose a five-year period of PRS to defendant’s sentence. The trial judge presided over the colloquy between the prosecutor and defendant, where defendant indicated that she understood PRS, had spoken with counsel about PRS, and stated that she wished to continue with sentencing. Based on that discussion, the trial judge would have no reason to believe that defendant should be offered her plea back or that she intended to withdraw her plea.
Because defendant had ample opportunity to object to the imposition of PRS and to request withdrawal of her plea, she was required to preserve her Catu argument. Therefore, I dissent and would affirm the Appellate Division order.
Judges Graffeo, Read, Pigott and Rivera concur; Judge Abdus-Salaam dissents in an opinion in which Judge Smith concurs.
Order reversed, defendant’s plea vacated and case remitted to County Court, Monroe County, for further proceedings on the indictment.