Pigott, J.
(dissenting). When deciding whether a court has properly exercised its discretion, in my view, we must consider more than what a court did at the time it exercised such discretion. Rather, we need to consider the series of events that led up to that point. In this case, those events, which can only be characterized as one-sided, landed defendant before the sentencing court with a simple request for an adjournment that would have affected no one adversely. Nonetheless, the court summarily refused to grant an adjournment. A summary of the events prior to that decision proves why that decision can only be viewed as an abuse of discretion.
Defendant was indicted on February 3, 2009, and charged with sexual abuse in the first degree (Penal Law § 130.65 [3]), a D felony carrying a maximum sentence of seven years. At his arraignment, defendant, supported by his family, was held in lieu of $10,000 cash or a $25,000 surety bond. The court took this action, despite the fact that defendant was employed and the County Pretrial Release Program found him “OR eligible.” In making the bail determination, the court apparently placed more credence in the representations made by the People, who claimed there was a second victim who had “not been . . . presented [to a grand jury but had not] . . . gone away.” The People further noted that defendant “if convicted” faced up to seven years in New York State prison on a violent felony conviction.
The court scheduled a Huntley hearing for some three months later with an admonition to defense counsel that, in the event she had a conflict with the scheduled date, she should “send somebody else over because we have to schedule it.” As a result of the foregoing, defendant spent the next three months in pretrial detention.
On the scheduled hearing date, defendant and his defense counsel were present and prepared to go forward, but no appearance was made by the People or their witnesses, and no explanation given. The court simply noted on the record that “[t]he district attorney has not appeared. No witnesses have appeared. I’m going to adjourn this case to Friday at 11:30 for the *1061 Huntley hearing. I know [defense counsel is] scheduled to be here on another matter.” Defense counsel objected to the adjournment, asking instead that the relief sought in defendant’s motion be granted “since the People [were] clearly not ready to proceed with the hearing.” That motion was denied without comment.
Then, on the rescheduled hearing date, a dramatic change occurred. Instead of going forward with the hearing, the People offered defendant a misdemeanor plea with time served, probation and defendant’s immediate release from custody. Defendant accepted the plea, and agreed to an order of protection and a waiver of his right to appeal. He was given “a minute to talk it over [with his girlfriend].” Thereafter, at the direction of the court, defendant withdrew all of his motions, waived his right to appeal, pleaded guilty to the misdemeanor and accepted the various court fee charges.*
At the plea colloquy, it was the prosecutor, not the court, who “[took defendant] through his rights.” At the conclusion of that exchange, the court asked the prosecutor: “Any further warnings you want me to give to him?” The prosecutor answered, “No, I think that suffices, Your Honor.” At this point, the court admonished defendant that “[i]n no case will [the court] allow you to withdraw your plea of guilt. If you don’t appear for sentencing, a bench warrant will be issued for your arrest and you could be charged for another crime of absconding for not appearing.” The court then scheduled sentencing, but at the request of the prosecutor who believed he would be “on vacation that week,” sentencing was delayed another two weeks.
The majority places significance on the fact that eight weeks transpired between defendant’s release and his request for an adjournment. However, they make no mention of the fact that defendant was held for over three months in pretrial detention, that a gratuitous adjournment was given to the People at the Huntley hearing, upon their nonappearance without explanation, and that the prosecutor obtained a delay in sentencing, for the asking, based on his vacation time.
These facts, in my view, demonstrate that the court abused its discretion in refusing to grant defendant a simple adjournment of his sentencing, particularly when he had been released from custody and the promised sentence was probation.
*1062 In People v Nixon (21 NY2d 338, 355-356 [1967]), this Court noted:
“[I]t would seem that a sound discretion exercised in cases on an individual basis is best rather than to mandate a uniform procedure which, like as not, would become a purely ritualistic device. Indeed, today, there is reason to suspect that many pleading defendants are prepared to give the categorical answers only because they know that this is the route to eligibility for the lesser plea. . . . While the essence of justice may be procedure there can be a point at which the administration of justice becomes only procedure and the essence of justice is lost.”
We echoed that sentiment in a number of later cases. For instance, in People v Fiumefreddo (82 NY2d 536, 543 [1993]), we noted: “On motions to withdraw guilty pleas, the ‘defendant should be afforded reasonable opportunity to present his contentions and the court should be enabled to make an informed determination in accordance with the principles laid down in People v. Nixon.’ ”
Moreover, we have been sensitive to the rights of defendants when it comes to taking a plea, including the consequences thereof (see People v McAlpin, 17 NY3d 936 [2011]; People v Mox, 20 NY3d 936 [2012]; People v Tyrell, 22 NY3d 359 [2013]; People v Mitchell, 21 NY3d 964 [2013]; People v Turner, 24 NY3d 254, 259 [2014] [noting that “the prosecutor, not the court, led the sentencing colloquy and may have misled defendant by telling her that PRS was ‘part of her plea’ ”]). Indeed, in People v Turner, the court, over defendant’s insistence that he was ready to take the plea, adjourned the matter to ensure defendant was fully apprised of the consequences of his plea.
The issue to me is nothing more than whether defendant should be granted an adjournment in light of the facts and circumstances of the case. The undisputed facts reveal that a simple adjournment would have harmed no one and would have demonstrated a balanced approach to defendant’s plea and sentence.
Chief Judge Lippman and Judges Graffeo, Read, Smith, Rivera and Abdus-Salaam concur; Judge Pigott dissents in an opinion.
Order affirmed, in a memorandum.

 It was later disclosed that the second “victim” had been “no-billed” by a Monroe County grand jury.