=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 11
The People &c.,
          Respondent,
        v.
Adam Crowder,
          Appellant.




          Lee Kindlon, for appellant.
          Gerald A. Dwyer, for respondent.




MEMORANDUM:

          The order of the Appellate Division should be affirmed.

          On December 22, 2010, defendant was indicted in County

Court on charges of burglary in the second degree (Penal Law §

140.25 [2]) and criminal mischief in the third degree (Penal Law

§ 145.05 [2]).  On April 18, 2011, before a combined evidentiary

- 1 -

hearing, County Court set forth a proposed plea bargain on the record. Defendant was informed that the minimum the People could offer was "a D violent felony and the minimum on that is two years in state prison with one and a half to three years [PRS] or parole." The court advised defendant that he could accept the plea bargain that day, but also offered defendant some time to think it over. Defendant indicated that he wanted more time.

Three days later, defendant returned to court. At the very outset of the proceeding, defendant informed the court that he "want[ed] to take the plea." The court then reiterated the prison term defendant faced, but this time failed to mention the PRS component. The court accepted defendant's request to attend a drug rehabilitation program before the imposition of his sentence, on the condition that defendant continue under the supervision of probation and submit to drug testing. Defendant was also warned that his sentence would be enhanced if he failed to comply with the court's conditions prior to sentencing. Defendant pleaded guilty and executed a written waiver of his right to appeal.

On May 17, 2011, the probation department informed the court that defendant had failed to cooperate with them, or undertake the required drug testing. Defendant's father had also been unable to locate defendant, who, he believed, had relapsed. Defendant failed to appear at his sentencing on July 15. The court granted a two-week adjournment for defense counsel to

attempt to locate him.  Defense counsel was unable to do so, and defendant failed to appear again on the rescheduled sentence date of July 28.  On that date, the court sentenced defendant, *in absentia*, to an enhanced five year determinate sentence of imprisonment, to be followed by three years PRS.  Defense counsel did not object to the imposition of the PRS component of the sentence.

Defendant was arrested and brought before the court on August 17, 2011.  The court began that proceeding by again recounting defendant's guilty plea, including the PRS component, and defendant's failure to appear at sentencing.  No objection to PRS was made at that time either.

Defendant appealed, arguing that his conviction should be vacated under our holding in People v Catu (4 NY3d 242 [2005]) on the basis that County Court failed to apprise him of his PRS term at the time of his plea.  The Appellate Division affirmed. A Judge of this Court granted defendant leave to appeal.

In People v Catu, this Court held that "the trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (4 NY3d at 244).  A court is not required to engage in any particular litany when allocuting a defendant, but the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant (id. at 245).  We found that

"[p]ostrelease supervision is significant" and that a defendant "must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntary and intelligently choose among alternative courses of action" (id.).

Defendant claims that his plea was not knowing, voluntary and intelligent under Catu because County Court failed to reiterate the term of PRS during the plea colloquy.  We hold that, under the circumstances of this case, defendant was required to preserve his claim.

Defendant and his attorney had three opportunities to object to the imposition of PRS: at the initial scheduled sentencing July 15, at his sentencing on July 28, and at the appearance on August 17. Neither defendant nor defense counsel expressed any objection to the imposition of PRS.  Because defendant had ample opportunity to raise an objection to the PRS component prior to and during these proceedings, defendant was required to preserve his claim (see People v Murray, 15 NY3d 725, 727 [2010]).

People v Crowder (Adam)

No. 11

LIPPMAN, Chief Judge (dissenting):

The imposition of a preservation requirement, compelling defendant to move to withdraw his plea under these circumstances, is at variance with our existing precedent. I would reverse the Appellate Division order because, on this record, it is unclear that defendant was aware that postrelease supervision (PRS) was part of his sentence at the time he took his plea.

It is well settled that the court has an obligation to inform a defendant of the direct consequences of his or her guilty plea, including any applicable term of PRS (see People v Catu, 4 NY3d 242, 244 [2005]). "Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction" (Catu, 4 NY3d at 245). "[W]here a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the

- 1 -

absence of a postallocution motion" (People v Louree, 8 NY3d 545-546 [2007]). We have observed that, in such circumstances, a defendant cannot be expected to move to withdraw the plea "on a ground of which he has no knowledge" (Louree, 8 NY3d at 546).

This case is distinguishable from People v Murray (15 NY3d 725, 727 [2010]), where we held that preservation was required where "defendant was advised of what the sentence would be, including its PRS term, at the outset of the sentencing proceeding." Here, by contrast, defendant was not advised of the PRS component of his sentence at the plea proceeding. Nor was he advised that he was subject to PRS at the subsequent appearance until the court actually imposed sentence -- when it was too late to move to withdraw his plea (see CPL 220.60 [3]; Louree, 8 NY3d at 546). Therefore, this case is more akin to those cases where we have found that preservation was not required (see People v Turner, 24 NY3d 254, 259 [2014]; People v McAlpin, 17 NY3d 936, 938 [2011]).

Moreover, it is not clear from the record that defendant was aware he was agreeing to a sentence that included a term of PRS. At the appearance prior to the plea proceeding, the court did mention PRS, referring to a range of 1½ to 3 years. However, the court's subsequent failure to make any reference to PRS at the plea proceeding leads me to conclude that defendant was not sufficiently aware of the terms of his plea agreement. Defendant's conviction should therefore be reversed.

The better rule in these situations would be to require that a defendant must be advised of the term of PRS at the time of the plea.  This requirement -- to state each component of the plea agreement on the record -- would hardly be an onerous burden on the court and, when performed, makes simple an appellate court's determination whether a defendant has been adequately advised of the direct consequences of his plea.  Moreover, in those relatively rare instances where the plea court might neglect to state the term of PRS at the plea proceeding, the People should not hesitate to chime in and request that the court do so.  Such procedure is certainly more in keeping with the parties' roles than imposing a preservation requirement and expecting a defendant to request the imposition of additional punishment in the form of PRS.  The suggested procedure would also alleviate the need for additional proceedings relating to whether the indisputably and statutorily required term of PRS has been properly imposed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Judges Read, Pigott, Rivera and Abdus-Salaam concur.  Chief Judge Lippman dissents and votes to reverse in an opinion.  Judges Stein and Fahey took no part.

Decided February 19, 2015