Chief Judge Lippman
(dissenting). The imposition of a preservation requirement, compelling defendant to move to withdraw his plea under these circumstances, is at variance with our existing precedent. I would reverse the Appellate Division order because, on this record, it is unclear that defendant was aware that postrelease supervision (PRS) was part of his sentence at the time he took his plea.
It is well settled that the court has an obligation to inform a defendant of the direct consequences of his or her guilty plea, including any applicable term of PRS (see People v Catu, 4 NY3d 242, 244 [2005]). “Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction” (Catu, 4 NY3d at 245). “[W]here a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion” (People v Louree, 8 NY3d 541, 545-546 [2007]). We have observed that, in such circumstances, a defendant cannot be expected to move to withdraw the plea “on a ground of which he has no knowledge” (Louree, 8 NY3d at 546).
This case is distinguishable from People v Murray (15 NY3d 725, 727 [2010]), where we held that preservation was required where “defendant was advised of what the sentence would be, including its PRS term, at the outset of the sentencing proceeding.” Here, by contrast, defendant was not advised of the PRS component of his sentence at the plea proceeding. Nor was he advised that he was subject to PRS at the subsequent appearance until the court actually imposed sentence — when it was too late to move to withdraw his plea (see CPL 220.60 [3]; Louree, 8 NY3d at 546). Therefore, this case is more akin to those cases where we have found that preservation was not required (see People v Turner, 24 NY3d 254, 259 [2014]; People v McAlpin, 17 NY3d 936, 938 [2011]).
Moreover, it is not clear from the record that defendant was aware he was agreeing to a sentence that included a term of PRS. At the appearance prior to the plea proceeding, the court *1138 did mention PRS, referring to a range of IV2 to 3 years. However, the court’s subsequent failure to make any reference to PRS at the plea proceeding leads me to conclude that defendant was not sufficiently aware of the terms of his plea agreement. Defendant’s conviction should therefore be reversed.
The better rule in these situations would be to require that a defendant must be advised of the term of PRS at the time of the plea. This requirement — to state each component of the plea agreement on the record — would hardly be an onerous burden on the court and, when performed, makes simple an appellate court’s determination whether a defendant has been adequately advised of the direct consequences of his plea. Moreover, in those relatively rare instances where the plea court might neglect to state the term of PRS at the plea proceeding, the People should not hesitate to chime in and request that the court do so. Such procedure is certainly more in keeping with the parties’ roles than imposing a preservation requirement and expecting a defendant to request the imposition of additional punishment in the form of PRS. The suggested procedure would also alleviate the need for additional proceedings relating to whether the indisputably and statutorily required term of PRS has been properly imposed.
Judges Read, Pigott, Rivera and Abdus-Salaam concur; Chief Judge Lippman dissents and votes to reverse in an opinion; Judges Stein and Fahey taking no part.
Order affirmed, in a memorandum.