◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHIM ULLAH, Appellant. [12 NYS3d 307]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 8, 2012, convicting him of menacing a police officer and menacing in the second degree, upon his plea of guilty, and imposing sentence, and (2) a resentence of the same court imposed February 13, 2013.

Ordered that the judgment and the resentence are affirmed.

The defendant contends that his recitation of the facts underlying his plea of guilty to menacing a police officer negated the intent element of that offense (Penal Law § 120.18) and that the Supreme Court's further inquiry into the facts did

not cure this defect. The defendant's contention is without merit, since, upon further inquiry, he admitted to waving a machete at a police officer, and his intent to place that police officer in "reasonable fear of physical injury" can readily be inferred from this conduct and the surrounding circumstances (*id.*; *see People v Roach*, 119 AD3d 1070 [2014]; *see generally People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Lovick*, 127 AD3d 1108 [2015]).

The defendant, who was initially given an illegal, indeterminate sentence and then resentenced to a determinate term of imprisonment and a period of postrelease supervision, contends that his plea was not knowing, voluntary, or intelligent because he was not advised at the time of the plea that his sentence would include a period of postrelease supervision. The defendant's contention is unpreserved for appellate review because the defendant was made aware that he would be subject to a period of postrelease supervision at the outset of the resentencing proceeding, and nonetheless failed to move to withdraw his plea prior to the imposition of the resentence (*see People v Crowder*, 24 NY3d 1134, 1136-1137 [2015]; *People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Brown*, 107 AD3d 819 [2013]; *People v Borges*, 103 AD3d 747, 748 [2013]; *People v Cohen*, 82 AD3d 786 [2011]; *see also People v Valerio*, 110 AD3d 1015 [2013]; *cf. People v Turner*, 24 NY3d 254, 258-259 [2014]; *People v McAlpin*, 17 NY3d 936, 938 [2011]; *People v Louree*, 8 NY3d 541, 545-546 [2007]). Under the circumstances of this case, we decline to reach the issue in the exercise of our interest of justice jurisdiction. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.