■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON PALLADINO, Appellant. [33 NYS3d 469]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered February 2, 2011, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (*see People v Davis*, 24 NY3d 1012, 1013 [2014]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *see also People v Crowder*, 24 NY3d 1134, 1136-1137 [2015]; *People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Ullah*, 130 AD3d 759, 760 [2015]; *People v Brown*, 107 AD3d 819 [2013]; *People v Borges*, 103 AD3d 747, 748 [2013]; *cf. People v Turner*, 24 NY3d 254, 258-259 [2014]). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the plea allocution did not cast significant doubt on the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (*see People v Davis*, 24 NY3d at 1013; *People v Lopez*, 71 NY2d at 666).

Similarly, the defendant's contention that his plea of guilty was invalid because the Supreme Court failed to advise him of all of his constitutional rights under *Boykin v Alabama* (395

US 238 [1969]) is unpreserved for appellate review because he did not move to vacate his plea prior to the imposition of sentence or otherwise raise the issue in the Supreme Court (*see People v Murphy*, 135 AD3d 881, 881 [2016]; *People v Isaiah S.*, 130 AD3d 1081, 1081-1082 [2015]).

The defendant validly waived his right to appeal (*see People v Sanders*, 25 NY3d 337 [2015]). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Ropiza*, 100 AD3d 935, 936 [2012]; *People v Watt*, 82 AD3d 912 [2011]). Contrary to the defendant's contention, the alleged ineffective assistance did not affect the voluntariness of his plea (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Watt*, 82 AD3d at 912-913). Further, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Duchatellier*, 138 AD3d 887 [2016]).

The defendant's nonjurisdictional challenges to the indictment and the plea proceeding were forfeited by his plea of guilty and are precluded from our review by his valid appeal waiver (*see People v Taylor*, 65 NY2d 1, 5 [1985]; *People v Fisher*, 121 AD3d 1013, 1013 [2014]; *People v Skya*, 43 AD3d 1190, 1190 [2007]). Leventhal, J.P., Hall, Austin and Barros, JJ., concur.