<partyblock>

The People of the State of New York, Respondent,

against

Nyasia Bullock, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Felicia A. Mennin, J.), rendered July 31, 2012, convicting her, upon a plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.

Judgment of conviction (Felicia A. Mennin, J.), rendered July 31, 2012, affirmed.

In view of defendant's waiver of the right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument charging petit larceny was jurisdictionally valid, since it gave defendant sufficient notice of the charged conduct to prepare a defense and avoid double jeopardy (see People v Kasse, 22 NY3d 1142 [2014]), specified information from which the taking and intent elements of the offense could be inferred (see People v Olivo, 52 NY2d 309 [1981]), and provided reasonable cause to believe that defendant wrongfully took property from the owner thereof (see Penal Law  155.25, 155.05).

Defendant's argument that her guilty plea was invalid because the court failed to advise her of her constitutional rights under Boykin v Alabama (395 US 238 [1969]) is unpreserved, since defendant "could have sought relief from the sentencing court in advance of the sentence's imposition" (People v Murray, 15 NY3d 725, 727 [2010]; see People v Jackson, 123 AD3d 634 [2014], lv denied 25 NY3d 1202 [2015]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find the record as a whole establishes the voluntariness of the plea (see People v Conceicao, 26 NY3d 375 [2015]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: March 20, 2019

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>