People v Leed (2019 NY Slip Op 02721)





People v Leed


2019 NY Slip Op 02721


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-06748

[*1]The People of the State of New York, respondent,
v
Stephen F. Leed, appellant. (S.C.I. No. 110/17)


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered June 6, 2017, as amended September 7, 2017, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because the County Court, among other things, resentenced the defendant to a period of postrelease supervision that exceeded the period of postrelease supervision that had been promised in connection with the plea agreement. The defendant's contention is unpreserved for appellate review, as the defendant was made aware of the amended sentence at the outset of the resentencing proceeding but failed to move to withdraw his plea prior to the imposition of the resentence or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Crowder, 24 NY3d 1134, 1136-1137; People v Murray, 15 NY3d 725, 726-727; People v Ullah, 130 AD3d 759, 760; People v Brown, 107 AD3d 819). Under the circumstances of this case, we decline to reach the issue in the exercise of our interest of justice jurisdiction.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court