The People of the State of New York, Respondent,
against
Joshwall P., Appellant.




Appellate Advocates (Samuel Barr of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Ann Grady of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Alan J. Meyer, J., at trial; Raymond L. Rodriguez, J., at sentencing), rendered June 13, 2016, and an amended judgment of that court (Raymond L Rodriguez, J.), rendered June 21, 2016. The judgment, after a nonjury trial, adjudicated defendant a youthful offender upon a verdict finding him guilty of forcible touching and sexual abuse in the third degree, and imposed sentence. The amended judgment vacated the sentence previously imposed and resentenced defendant to six years' probation on the verdict finding him guilty of forcible touching and time served on the verdict finding him guilty of sexual abuse in the third degree, and imposed surcharges and a crime victim assistance fee in the sum of $200 for each charge.




ORDERED that so much of the appeal as is from the portion of the judgment adjudicating defendant a youthful offender that imposed sentence is dismissed as academic, as that portion of the judgment was superseded by the amended judgment; and it is further,
ORDERED that the judgment adjudicating defendant a youthful offender, insofar as reviewed, is affirmed; and it is further,
ORDERED that the amended judgment adjudicating defendant a youthful offender is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge and a crime victim assistance fee upon the portion of the verdict finding defendant guilty of sexual abuse in the third degree; as so modified, the judgment adjudicating defendant a youthful offender is affirmed.
Defendant was charged with forcible touching (Penal Law § 130.52) and sexual abuse in the third degree (Penal Law § 130.55). At a nonjury trial, the complaining witness testified that, [*2]while she was shopping at a store where defendant was employed, defendant told her that there was a spider on her, and, when defendant bent down, he rubbed her vagina. She never saw a spider. Following the trial, defendant was found guilty of the charges and adjudicated a youthful offender. In an amended sentence, the court sentenced defendant to six years' probation on the charge of forcible touching and time served on the charge of sexual abuse in the third degree, and imposed surcharges and a crime victim assistance fee in the sum of $200 for each charge.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt of forcible touching and sexual abuse in the third degree. In conducting an independent review of the weight of the evidence (see People v Danielson, 96 NY3d 342, 348 [2007]), we give great deference to the factfinder's opportunity to view the witnesses, hear their testimony and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]). Upon a review of the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant's claim regarding the mandatory surcharges and crime victim assistance fee imposed is unpreserved for appellate review (see CPL 470.05 [2]; People v Murray, 15 NY3d 725, 726-727 [2010]; People v Samms, 95 NY2d 52, 56 [2000]; People v Cooks, 107 AD3d 734, 735 [2013]; People v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). However, in the exercise of our interest of justice jurisdiction, we reach defendant's contention and find that, under Penal Law § 60.35, it was unlawful for the Criminal Court to impose multiple surcharges upon the convictions of sexual abuse in the third degree and forcible touching, as both convictions arose from the commission of a single act (see People v Tarantola,187 AD2d 546 [1992]; People v Flores, 30 Misc 3d 135[A], 2011 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). The court should have imposed only a mandatory surcharge and crime victim assistance fee with respect to the higher level offense—forcible touching.
Accordingly, the judgment adjudicating defendant a youthful offender, insofar as reviewed, is affirmed and the amended judgment is modified by vacating the mandatory surcharge and crime victim assistance fee imposed upon the portion of the verdict finding defendant guilty of sexual abuse in the third degree.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2019