■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LOWMAN, Appellant. [806 NYS2d 193]—

Judgments, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered April 8, 2003, as amended May 20, 2003, convicting defendant, upon his pleas of guilty, of course of sexual conduct against a child in the second degree (three counts) and sexual abuse in the first degree, and sentencing him to an aggregate term of 3½ to 7 years, unanimously affirmed.

Defendant, who received an enhanced sentence in the instant matter for violating the no-postplea-arrest condition of his guilty pleas, claims to have received ineffective assistance of counsel in two respects. First, he claims that the attorney representing him in Criminal Court on the new arrest was ineffective in permitting defendant to plead guilty. Second, he claims that the attorney representing him on the instant matter should have moved to withdraw the pleas. Both claims are unreviewable on this appeal because they involve matters outside the present record. To the extent the existing record permits review, it establishes that defendant received effective assistance in both cases under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]). There is no indication that the misdemeanor plea was ill-advised, or that there was any legitimate ground for a plea withdrawal motion in the instant matter. We note that the sentence enhancement for violation of the no-new-arrest condi-

tion did not necessarily require a conviction in the new case (*see People v Outley*, 80 NY2d 702 [1993]).

Defendant's waiver of his right to appeal forecloses review of his excessive sentence claim, which, in any event, is without merit. Concur—Tom, J.P., Friedman, Nardelli, Sweeny and Malone, JJ.