■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CARTER, Appellant. [889 NYS2d 181]—

Judgments, Supreme Court, New York County (Michael A. Corriero, J.), rendered February 6, 2003, convicting defendant, upon his pleas of guilty, of rape in the first degree and two counts of robbery in the first degree, and sentencing him to an aggregate term of 24 years, unanimously affirmed.

Defendant did not move to withdraw his guilty pleas. Accordingly, and because none of his challenges to the validity of the guilty pleas fall within the narrow exception to the preservation

requirement (*see People v Lopez*, 71 NY2d 662 [1988]), all of his contentions (other than his claim relating to postrelease supervision) are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The record establishes the voluntariness of the plea. Furthermore, defendant's ineffective assistance of counsel claims are primarily based on factual assertions outside the record and are therefore unreviewable on direct appeal (*see People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel negotiated a disposition that was favorable under the circumstances (*see People v Ford*, 86 NY2d 397, 404 [1995]), in that it covered additional serious charges and protected defendant from exposure to lengthy consecutive sentences.

Defendant's claim that the court failed to advise him about the postrelease supervision component of his sentence is without merit. The court misspoke at the plea proceedings by informing defendant that he would be subject to a 10-year period of "parole" upon his release from prison; at sentencing, the court correctly imposed five years' postrelease supervision. Neither warning defendant of a *greater* term of postrelease supervision than he actually faced nor using the wrong nomenclature deprived defendant of the information he needed to "knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]). Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.