Judgments, Supreme Court, New York County (Bruce Allen, J.), rendered October 14, 2008, convicting defendant, upon his pleas of guilty, of murder in the second degree, attempted murder in the second degree, robbery in the first degree and criminal sale of a controlled substance in or near school grounds, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.
At the plea colloquy, the court gave defendant all the information he needed to “knowingly, voluntarily and intelligently choose among alternative courses of action” (People v Catu, 4 NY3d 242, 245 [2005]; see also Hill v Lockhart, 474 US 52, 56 [1985]). The court made it clear that a plea of guilty to second- *939 degree murder would subject defendant to being incarcerated for his entire life. Since the prison and postrelease supervision terms for the nonhomicide convictions were lesser than, and concurrent with, the sentence of 15 years to Ufe, they merged in that sentence by operation of Penal Law § 70.35. As the court aptly stated, “[I]n effect, your sentence would be 15 to life.” Therefore, under these circumstances, the court’s failure to set forth the terms of the additional sentences at the time of the guilty pleas did not render any of the pleas involuntary (cf. People v Carter, 67 AD3d 603 [2009], lv denied 14 NY3d 886 [2010]). Concur—Mazzarelli, J.R, Sweeny, Catterson, DeGrasse and Manzanet-Daniels, JJ.