■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE SWEENEY, Appellant. [958 NYS2d 149]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered May 12, 2011, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in

the third degree, and sentencing her, as a second felony drug offender, to a term of eight years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of four years, and otherwise affirmed.

Defendant has not preserved her claim that the court failed to advise her of the length of the postrelease supervision (PRS) component of the sentence she would receive in the event that she violated certain terms of her guilty plea. Since defendant was on notice of this specific information well before sentence was imposed, she was required to preserve this issue by moving to withdraw her plea (*People v Murray*, 15 NY3d 725, 726-727 [2010]). We decline to review her unpreserved claim in the interest of justice, and as an alternative holding we reject it on the merits. At the proceeding at which defendant pleaded guilty, the court warned defendant that the consequences of failing to comply with the drug treatment requirements of her plea would be spelled out in a written plea agreement. Approximately one month later, after defendant was accepted by a drug program, defendant signed a written plea agreement that set forth the possible sentencing consequences, including the precise terms of imprisonment and PRS. The document was reviewed in open court, and was signed by the court itself as well as defendant and her attorney. Thus, the document was functionally equivalent to oral advice by the court concerning PRS, and the proceeding at which it was signed was essentially a continuation of the plea proceeding.

The court properly denied defendant's motion to dismiss the indictment, made on the ground of delay in sentencing, since the delay was not excessive and was occasioned by "plausible reasons" that should not result in a loss of jurisdiction (*see People v Drake*, 61 NY2d 359, 366 [1984]). The delay was the product of a long and cumbersome process of extraditing defendant from another state, where she was incarcerated. The People generally exercised diligence in attempting to return defendant to New York for sentencing, and offered reasonable explanations for each aspect of the delay. Even if the People could have avoided a portion of the delay by proceeding more expeditiously, that portion was not so lengthy as to require dismissal of the indictment.

We find the sentence excessive to the extent indicated. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.