■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOTT HARRIS, Appellant. [959 NYS2d 192]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered September 13, 2010, as amended October 6, 2010, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony drug offender, to a term of six years, with three years' postrelease supervision, unanimously affirmed.

Defendant has not preserved his claim that the court failed to advise him of the length of the postrelease supervision (PRS) component of the sentence he would receive in the event that he violated the terms of his guilty plea. Defendant was on notice, well before sentence was imposed, that if he absconded from a drug program he would receive a sentence that would include at least three years of PRS. Therefore, he was required to preserve this issue by moving to withdraw his plea (*People v Murray*, 15 NY3d 725, 726-727 [2010]).

We decline to review this unpreserved claim in the interest of justice, and as an alternative holding we reject it on the merits. When the plea colloquy is read as a whole, it clearly establishes that the court itself, with the assistance of the prosecutor, warned defendant that the applicable PRS term was at least three years, and possibly five years. While there appears to have been some momentary confusion between the court and the prosecutor about whether the appropriate PRS term was three or five years, that discrepancy did not prejudice defendant, as he was actually sentenced to the lower PRS term (*see People v Carter*, 67 AD3d 603, 604 [2009], *lv denied* 14 NY3d 886 [2010]). Thus, the court gave defendant all the information he needed to "knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]). Furthermore, any confusion as to whether the PRS term was three or five years was resolved by a written plea agreement, which defendant subsequently executed in open court.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.