■ The People of the State of New York, Respondent, v Richard Alicea, Appellant. [965 NYS2d 713]—Judgment, Supreme

Court, New York County (Brenda Soloff, J., at first plea; Michael R. Ambrecht, J., at second plea; Patricia M. Nunez, J., at sentencing), rendered July 7, 2009, convicting defendant of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

Defendant's unpreserved challenges to the validity of his plea do not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]; *see also People v Murray*, 15 NY3d 725, 726-727 [2010]), and we decline to review them in the interest of justice. As an alternative holding, we find that, when viewed as a whole, the record of the two plea proceedings and the written plea agreement establish that defendant pleaded guilty with full knowledge of the consequences of his plea, including the prison and postrelease supervision terms he would be facing if he violated its conditions (*see e.g. People v Thomas*, 63 AD3d 642 [1st Dept 2009], *lv denied* 13 NY3d 863 [2009]). The court's explanation of the plea conditions was objectively clear (*see People v Cataldo*, 39 NY2d 578, 580 [1976]), and defendant had all the information he needed to "knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ.