OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On December 22, 2010, defendant was indicted in County Court on charges of burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the third degree (Penal Law § 145.05 [2]). On April 18, 2011, before a combined evidentiary hearing, County Court set forth a proposed plea bargain on the record. Defendant was informed that the minimum the People could offer was “a D violent felony and the minimum on that is two years in state [ ] prison with one and a half to three years of post-release supervision or parole.” The court advised defendant that he could accept the plea bargain that day, but also offered defendant some time to think it over. Defendant indicated that he wanted more time.
Three days later, defendant returned to court. At the very outset of the proceeding, defendant informed the court that he ££want[ed] to take the plea.” The court then reiterated the prison term defendant faced, but this time failed to mention the postrelease supervision (PRS) component. The court accepted defendant’s request to attend a drug rehabilitation program before the imposition of his sentence, on the condition that defendant continue under the supervision of probation and submit to drug testing. Defendant was also warned that his sentence would be enhanced if he failed to comply with the court’s conditions prior to sentencing. Defendant pleaded guilty and executed a written waiver of his right to appeal.
On May 17, 2011, the probation department informed the court that defendant had failed to cooperate with them, or undertake the required drug testing. Defendant’s father had also been unable to locate defendant, who, he believed, had *1136 relapsed. Defendant failed to appear at his sentencing on July 15. The court granted a two-week adjournment for defense counsel to attempt to locate him. Defense counsel was unable to do so, and defendant failed to appear again on the rescheduled sentence date of July 28. On that date, the court sentenced defendant, in absentia, to an enhanced five-year determinate sentence of imprisonment, to be followed by three years’ PRS. Defense counsel did not object to the imposition of the PRS component of the sentence.
Defendant was arrested and brought before the court on August 17, 2011. The court began that proceeding by again recounting defendant’s guilty plea, including the PRS component, and defendant’s failure to appear at sentencing. No objection to PRS was made at that time either.
Defendant appealed, arguing that his conviction should be vacated under our holding in People v Catu (4 NY3d 242 [2005]) on the basis that County Court failed to apprise him of his PRS term at the time of his plea. The Appellate Division affirmed (110 AD3d 1384 [3d Dept 2013]). A Judge of this Court granted defendant leave to appeal (22 NY3d 1155 [2014]).
In People v Catu, this Court held that “[a] trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences” (4 NY3d at 244-245). A court is not required to engage in any particular litany when allocuting a defendant, but the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant (id. at 245). We found that “[p]ostrelease supervision is significant” and that a defendant “must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntary and intelligently choose among alternative courses of action” (id.).
Defendant claims that his plea was not knowing, voluntary and intelligent under Catu because County Court failed to reiterate the term of PRS during the plea colloquy. We hold that, under the circumstances of this case, defendant was required to preserve his claim.
Defendant and his attorney had three opportunities to object to the imposition of PRS: at the initial scheduled sentencing July 15, at his sentencing on July 28, and at the appearance on August 17. Neither defendant nor defense counsel expressed any objection to the imposition of PRS. Because defendant had ample opportunity to raise an objection to the PRS component *1137 prior to and during these proceedings, defendant was required to preserve his claim (see People v Murray, 15 NY3d 725, 727 [2010]).