■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROWN, Appellant. [28 NYS3d 369]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered December 19, 2012, as amended January 24, 2013, convicting defendant, upon his plea of guilty, of assault in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously affirmed.

Defendant's claim that the court failed to advise him of the term of postrelease supervision he would receive in the event he violated the terms of his plea agreement is subject to preservation requirements in the circumstances presented. Defendant was on notice well before the sentence was imposed of the PRS component (*see People v Crowder*, 24 NY3d 1134 [2015]; *People v Murray*, 15 NY3d 725 [2010]; *People v Harris*,

103 AD3d 427 [1st Dept 2013], *lv denied* 21 NY3d 943 [2013]), particularly since much emphasis had been placed on the terms of a written plea agreement, which spelled out the sentence to be imposed in the event of its violation, including the term of PRS, and since the PRS term was also mentioned at other junctures before sentence was imposed. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, although the court should have informed defendant of the PRS term, we decline to reverse because we find that defendant was provided with all the information he needed to knowingly, intelligently and voluntarily choose among alternative courses of action (*see People v Harris,* 103 AD3d at 428; *People v Sweeney,* 102 AD3d 580 [1st Dept 2013], *lv denied* 21 NY3d 914 [2013]).

Defendant made a valid waiver of his right to appeal (*see People v Sanders,* 25 NY3d 337 [2015]), which forecloses review of his excessive sentence claim. Regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.