### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 2, 2016                106997
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                                MEMORANDUM AND ORDER

FRANCIS S. WATKINS,
               Appellant.
_____


Calendar Date:  April 28, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

_____

Marcy I. Flores, Warrensburg, for appellant.

J. Anthony Jordon, District Attorney, Fort Edward (Jason Weinstein, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

_____


McCarthy, J.P.

Appeal from judgment of the County Court of Washington County (McKeighan, J.), rendered March 14, 2013, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and grand larceny in the fourth degree.

Defendant pleaded guilty to an indictment charging him with burglary in the second degree and grand larceny in the fourth degree.  During the plea proceedings, County Court explained to defendant that, under the terms of the plea agreement, he would be sentenced as a second felony offender to a prison term of between 6 and 10 years on his conviction of burglary in the second degree.  The court further advised him that, if it decided to sentence him to more than 10 years after reviewing the

presentence investigation report, he would be given an opportunity to withdraw his plea. The court, however, failed to discuss the plea's terms in relationship to postrelease supervision to be imposed on the burglary conviction or the sentence to be imposed on his conviction of grand larceny in the fourth degree. Defendant was subsequently sentenced to prison terms of seven years on the burglary conviction, to be followed by three years of postrelease supervision, and 1½ to 3 years on the grand larceny conviction, to run concurrently. Defendant appeals, and we reverse.

We agree with defendant that his plea was not knowing, voluntary and intelligent given that County Court failed to set forth the terms of the plea agreement before accepting defendant's plea. Because defendant could not be expected to move to withdraw his plea based on terms of which he had no knowledge, he was not required to make such a motion in order to preserve these claims (see People v Peque, 22 NY3d 168, 182 [2013], cert denied ___ US ___, 135 S Ct 90 [2014]).[1] Assuming for the sake of argument that preservation was required, we would nonetheless take corrective action in the interest of justice. Given that County Court failed to inform defendant of the direct consequences of his conviction as to a particular crime and as to any postrelease supervision, defendant's plea was not knowing, voluntary and intelligent (see People v Catu, 4 NY3d 242, 244-245 [2005]; People v Vences, 125 AD3d 1050, 1050-1052 [2015]). Accordingly, we reverse and remit for further proceedings in accordance with this decision. This determination renders defendant's remaining contentions academic.

---

[1] We reject the People's contention that preservation was required as to the postrelease supervision issue because County Court, immediately before imposing sentence, mentioned a maximum of between "two-and-a-half and five post" in describing the plea. This late description — legalistic shorthand that did not even include the term "supervision" — is readily distinguishable from the type of "ample opportunity" to contest the imposition of postrelease supervision that gives rise to a preservation requirement (People v Crowder, 24 NY3d 1134, 1136 [2015]).

-3-                          106997

Garry, Egan Jr., Devine and Aarons, JJ., concur.


        ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court