# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

465

KA 14-01505

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ERIC CHANT, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (JOSEPH M. CALIMERI OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered February 11, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [4]). Defendant contends that reversal of the judgment and vacatur of the plea are required because County Court failed to advise him, during the plea allocution, of the specific period of postrelease supervision that would be imposed at sentencing, and that preservation of his contention is not required. We conclude on this record that defendant was required to preserve his contention inasmuch as he had a reasonable opportunity to challenge the validity of his guilty plea on the same ground now advanced on appeal, and that defendant failed to preserve his contention for our review because he did not move to withdraw the plea or otherwise object to the imposition of postrelease supervision (see *People v Williams*, ___ NY3d ___, ___ [Apr. 5, 2016]; *People v Crowder*, 24 NY3d 1134, 1136-1137; cf. *People v Louree*, 8 NY3d 541, 545-546).

Prior to commencement of the scheduled trial, the parties indicated that the People had offered a plea bargain in which defendant would plead guilty to rape in the first degree, a class B violent felony sex offense (see Penal Law §§ 70.02 [1] [a]; 70.80 [1] [b]; 130.35), in full satisfaction of the indictment, and that defendant would receive the maximum sentence for that crime. Although the prosecutor correctly placed on the record that the maximum term of imprisonment was 25 years (§ 70.02 [3] [a]), he misstated the applicable period of postrelease supervision as 25 years instead of

the legal maximum period of 20 years (§ 70.45 [2-a] [f]).  Without acknowledging that misstatement, defense counsel indicated that the proposed resolution had been discussed in detail with defendant, including all consequences of the proposed plea bargain, and that defendant fully understood such consequences and was prepared to plead guilty.  Defendant stated that he understood everything that had been stated, and the court proceeded with a plea allocution in which it did not mention postrelease supervision.  Immediately following the allocution, the court set a sentencing date and, in discussing with defense counsel its willingness to adjourn that date if necessary to permit additional time for preparation, the court confirmed that the plea agreement involved a sentence of 25 years of imprisonment with 20 years of postrelease supervision.  Defense counsel and the prosecutor both agreed with the court's recitation of the agreed-upon sentence, and neither defendant nor defense counsel objected to the period of postrelease supervision.  At an appearance two months later, the prosecutor agreed with the court's statement that there was an agreed-upon sentence in place, but nevertheless did not object to defense counsel's request for an adjournment to further prepare for sentencing.  At the outset of the sentencing proceeding more than two months after the appearance, the prosecutor stated that the agreement involved a sentence of 25 years of imprisonment, but misstated the period of postrelease supervision as two years, which was below the legal minimum period of five years (§ 70.45 [2-a] [f]).  Defense counsel did not address that misstatement, but nonetheless indicated that he had discussed with defendant all of the collateral consequences of the plea as well as the sentence.  The court thereafter imposed the agreed-upon sentence of 25 years of imprisonment with 20 years of postrelease supervision.

Where, as here, "a defect in a plea allocution is clear on the face of the record and implicates due process, the defendant nonetheless must preserve his or her claim that the defect made the plea involuntary unless the defendant has no practical ability to do so" (*Williams*, ___ NY3d at ___).  Although the prosecutor initially misstated the period of postrelease supervision prior to the plea allocution and the court failed to mention postrelease supervision during the allocution, defendant was aware that the sentence included a postrelease supervision component at the time of the allocution, the court immediately thereafter confirmed the correct agreed-upon sentence, and neither defendant nor defense counsel objected to the period of postrelease supervision or otherwise indicated that there was any misunderstanding with regard to its length.  In addition, while postrelease supervision was not specifically mentioned at the subsequent appearance, there was no objection at that time to the plea or any component of the agreed-upon sentence.  The fact that the prosecutor's articulation of the postrelease supervision period at the outset of the sentencing proceeding did not conform with the parties' previously-expressed understanding of the agreed-upon period provided the defense with another opportunity to preserve defendant's current challenge to his plea and seek clarification of the matter (*see id.* at ___).  We thus conclude that, "[b]ecause defendant had ample opportunity to raise an objection to the [postrelease supervision]

component prior to and during these proceedings, defendant was required to preserve his claim" (*Crowder*, 24 NY3d at 1136-1137; *see People v Murray*, 15 NY3d 725, 726-727).  "By failing to seize upon these opportunities to object or seek additional pertinent information, defense counsel failed to preserve defendant's claim for appellate review" (*Williams*, ___ NY3d at ___; *see Murray*, 15 NY3d at 727).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

We further conclude that defendant, by pleading guilty, forfeited any challenge to the alleged *Brady* violation (*see People v Chinn*, 104 AD3d 1167, 1168, *lv denied* 21 NY3d 1014).  Finally, defendant's sentence is not unduly harsh or severe.