THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT GREEN, Appellant. [34 NYS3d 451]—

Judgment, Supreme Court, New York County (Larry R.C. Stephen, J.), rendered October 9, 2013, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him to a term of two years, plus two years of postrelease supervision, and judgment, same court (Rena K. Uviller, J., at plea; Robert M. Stolz, J., at sentencing), rendered May 14, 2014, convicting defendant of grand larceny in the fourth degree, and sentencing him to a concurrent term of one year, unanimously affirmed.

Defendant's claim that his plea was not knowing, intelligent, and voluntary because the court failed to specify the sentence he would receive if he violated the terms of his plea agreement, or that the sentence would include postrelease supervision, was subject to preservation requirements in the circumstances presented. At the plea proceeding, defendant was told he would receive probation if he complied with the plea conditions, but would otherwise face an unspecified state prison sentence. Defendant had a practical ability to seek clarification, or to challenge the validity of the plea, during the plea and sentencing proceedings, as well as the various intervening calendar appearances at which defendant's new arrests and their effect on sentencing were discussed; however, he failed to do so (see People v Williams, 27 NY3d 212 [2016]; People v Crowder, 24 NY3d 1134 [2015]). We decline to review this unpreserved claim in the interest of justice. In light of this determination, defendant's challenge to his grand larceny conviction is academic.

Although defendant did not knowingly waive his right to make an excessive sentence claim on appeal (*see People v Maracle*, 19 NY3d 925, 928 [2012]; *People v Johnson*, 14 NY3d 483 [2010]), we perceive no basis for reducing the sentence. Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.