The People of the State of New York, 
against
Jamal Brown, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Frank P. Nervo, J. at plea, Erika M. Edwards, J. at sentencing), rendered July 25, 2013, convicting him, upon his plea of guilty, of assault in the third degree and imposing sentence.




Per Curiam.
Judgment of conviction (Frank P. Nervo, J. at plea, Erika M. Edwards, J. at sentencing), rendered July 25, 2013, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of assault in the third degree (see Penal Law § 120.00[1]), by alleging that defendant intentionally caused the victim a physical injury by striking him "about the head and face multiple times" with a "closed fist," causing the victim "to suffer a broken jaw, broken cheek bone, swelling and substantial pain" (see People v Henderson, 92 NY2d 677 [1999]; People v Mercado, 94 AD3d 502 [2012], lv denied 19 NY3d 999 [2012]). 
Nor was the accusatory instrument rendered jurisdictionally defective by the circumstance that it alleged that the crime was committed on a certain date, and complainant's subsequently received hospital bill indicated that complainant's injuries occurred on a prior date (see People v Peals, 143 AD3d 535 [2016], lv denied 28 NY3d 1149 [2017]). The date contained in complainant's hospital bill was "an extrinsic, evidentiary fact not affecting the facial sufficiency" of the accusatory instrument(id.; see also Matter of Edward B., 80 NY2d 458, 462 [1992]). The court will not rely on external factors to create jurisdictional defects not evident from the face of the accusatory instrument (see People v Konieczny, 2 NY3d 569, 576 [2004]).
Defendant's contention that his plea was not knowing, voluntary and intelligent is unpreserved for appellate review, since defendant had ample opportunity to raise his objections and his postallocution motion to withdraw his plea advanced entirely different grounds (see CPL 470.05[2]; People v Crowder, 24 NY3d 1134, 1136 [2015]; People v Williams, 27 NY3d 212 [2016]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. The only relief defendant requests is a dismissal in the interest of justice, and he expressly requests that this Court affirm his conviction if it does not [*2]dismiss the complaint. Since it cannot be said that no penological purpose would be served by reinstating the proceeding (see People v Conceicao, 26 NY3d 375, 385 n [2015]; People v Teron, 139 AD3d 450 [2016]), we would affirm (see People v Diaz, 112 AD3d 423 [2013], lv denied 23 NY3d 1036 [2014]; People v Schweitzer, 83 AD3d 503 [2011], lv denied 17 NY3d 800 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: November 29, 2017