People v Lee (2019 NY Slip Op 03145)





People v Lee


2019 NY Slip Op 03145


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9097 1536/14

[*1]The People of the State of New York, Respondent,
v
Paul Lee, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Steven R. Berko of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered October 28, 2014, convicting defendant, upon his plea of guilty, of criminal sale of a firearm in the first degree and conspiracy in the fourth degree, and sentencing him to an aggregate term of 17½ years, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea on the ground that the court failed to advise him at the plea proceeding of the term of postrelease supervision is subject to preservation requirements under the circumstances presented. Defendant was advised of the term of PRS "at the outset of the sentencing proceeding," and thus "could have sought relief from the sentencing court in advance of the sentence's imposition" (see People v Murray, 15 NY3d 725, 727 [2010]; see also People v Crowder, 24 NY3d 1134, 1136-1137 [2015]). Moreover, at sentencing defendant moved to withdraw his plea on a ground not at issue on appeal. The record establishes that, after the court had stated the precise terms of the sentence including the term of PRS, defendant conferred with counsel and had ample opportunity, before sentence was actually imposed, to expand his plea withdrawal motion to raise this issue.
We decline to review defendant's unpreserved claim in the interest of justice. In any event, the record as a whole establishes the voluntariness of the plea.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK