People v Piwowar (2020 NY Slip Op 01728)





People v Piwowar


2020 NY Slip Op 01728


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


5 KA 19-00837

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT PIWOWAR, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), rendered January 11, 2005. The judgment convicted defendant, upon a plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law
§ 125.20 [1]), defendant contends that his waiver of the right to appeal is invalid. We agree inasmuch as the perfunctory inquiry made by Supreme Court was "insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Soutar, 170 AD3d 1633, 1634 [4th Dept 2019], lv denied 34 NY3d 938 [2019] [internal quotation marks omitted]; see People v Lewis [appeal No. 1], 161 AD3d 1588, 1588 [4th Dept 2018]; People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]), and the record does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]).
We nevertheless affirm. Defendant failed to preserve for our review his contention that the court failed to abide by its sentencing promise and that he is therefore entitled to specific performance of the plea agreement, which he defines as the imposition of a determinate term of 24 years' incarceration with no period of postrelease supervision. During the plea proceedings, defendant was informed that, in exchange for his guilty plea, he would be sentenced to less than the maximum term of 25 years' incarceration (see Penal Law § 70.02 [3] [a]), but no mention was made of postrelease supervision. The court then sentenced defendant to a determinate term of 24 years' incarceration without imposing the mandatory period of postrelease supervision (see § 70.45). Two weeks later, further proceedings were held, during which the prosecutor explained that the purpose thereof was to "attach" the mandatory period of postrelease supervision to defendant's sentence. When offered a chance to speak before the court imposed the mandatory period of postrelease supervision, defense counsel did not object and instead agreed that postrelease supervision was "mandatory." Defendant therefore "had a reasonable opportunity to challenge the validity of his guilty plea on the same ground now advanced on appeal, or to move to withdraw the plea or otherwise to object to the imposition of postrelease supervision, and he failed to do so" (People v King, 151 AD3d 1759, 1759 [4th Dept 2017], lv denied 30 NY3d 981 [2017]; see People v Williams, 27 NY3d 212, 219-225 [2016]; People v Crowder, 24 NY3d 1134, 1135-1137 [2015]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We further conclude that the sentence is not unduly harsh or severe.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court