People v Melendez (2022 NY Slip Op 00056)





People v Melendez


2022 NY Slip Op 00056


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Ind No. 783/17 Appeal No. 14973 Case No. 2018-2023 

[*1]The People of the State of New York, Respondent,
v
Jesus Melendez, Defendant-Appellant.


Center for Appellate Litigation, New York (Robert S. Dean of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shane Magnetti of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered September 12, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of three years, unanimously affirmed.
Defendant's claim that his plea must be vacated because the court misadvised him regarding his sentencing exposure, and the plea was therefore not knowing and voluntary, is unpreserved for appellate review. At the time of defendant's plea, the court stated that if, as stated by the People, defendant was a predicate felon, he faced a minimum sentence of six years if convicted of the top count of the indictment, criminal possession of a controlled substance in the second degree. The record shows that defendant was only a first felony offender, and the People never filed any predicate felony statement.[FN1] Defendant, who was represented by counsel, failed to object to the court's comments regarding his predicate felony status and resulting sentencing exposure.
It is well settled that in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea on the same grounds raised on appeal or move to vacate the judgment of conviction (see CPL 220.60[3], 440.10; see e.g. People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]; People v Lopez, 71 NY2d 662, 665 [1988]). A narrow exception to the preservation requirement exists if the defendant had no actual or practical ability to object to an error in the taking of a plea, which is clear on the face of the record (see People v Louree, 8 NY3d 541, 546 [2007]; see also People v Joseph, 191 AD3d 148, 149 [1st Dept 2020], lv denied 36 NY3d 1121 [2021]). The exception is not triggered where a defendant learned of the error yet failed to object or seek relief (see People v Delorbe, 35 NY3d 112, 120 [2020]; People v Murray, 15 NY3d 725, 727 [2010]).
Here, neither defendant nor defense counsel objected to the court's statement as to his sentencing exposure based upon his possible predicate felon status. Even assuming, as argued by defendant, that he was unaware of the legal concept of a predicate felon, and whether he had been previously convicted of a felony, certainly defense counsel was aware. Despite the court's repeated reference to the People's position as to defendant's status as a predicate felon, there was no objection voiced by defense counsel or request for clarification. Moreover, in the intervening approximately six weeks between his plea and sentencing there was no motion to withdraw his plea, nor did defendant move to vacate the later conviction. Thus, "the defense had multiple opportunities to preserve defendant's current challenge to his plea and seek clarification of the matter" and "[b]y failing to seize upon these opportunities to object or seek additional pertinent information, defense counsel failed to preserve defendant's claim for appellate review" (People v Williams[*2], 27 NY3d 212, 222-223 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: January 6, 2022



Footnotes

Footnote 1: The People suggest that defendant has an out of state criminal record that is not in the record on appeal. On October 12, 2021, this Court denied the People's motion to enlarge the record to include defendant's criminal history in Pennsylvania.