People v Perez (2024 NY Slip Op 04621)

People v Perez

2024 NY Slip Op 04621

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Ind No. 3196/15 Appeal No. 2609 Case No. 2018-1235 

[*1]The People of the State of New York, Respondent,
v
Francisco Perez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered March 15, 2017, as amended June 6, 2017, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the fifth degree and sentencing him to 1 ½ years of incarceration with one year of postrelease supervision, unanimously affirmed.
Defendant's contention that his plea was involuntary because the court mistakenly stated that he would face a sentence with a two-year postrelease supervision component if he violated the conditions of his plea agreement, when in fact the maximum term of postrelease supervision for fifth-degree criminal sale of a controlled substance is one year (see Penal Law § 70.45[2][a]), is unpreserved because he failed to either move to withdraw his plea or to vacate the conviction pursuant to CPL 440.10 (see People v Lopez, 71 NY2d 662, 665-666 [1988]). Under the present circumstances, the narrow exception to the preservation requirement set forth in People v Louree (8 NY3d 541, 545-546 [2007]), is inapplicable because defendant was placed on notice at the plea proceeding that the sentence he would receive upon violating the terms of the plea agreement would include a period of postrelease supervision and therefore had "actual or practical ability" (People v Melendez, 201 AD3d 444, 445 [1st Dept 2022], lv denied 38 NY3d 929 [2022]), to move to withdraw his guilty plea before sentencing (see People v Murray, 15 NY3d 725, 727 [2010]; People v Brown, 137 AD3d 674, 674 [1st Dept 2016], lv denied 27 NY3d 1149 [2016]).
As an alternative holding, we find that the court's mistaken indication that defendant's sentence could include a two-year term of postrelease supervision could not have had any effect on his determination to accept the plea offer and thus had no bearing on the voluntariness of the guilty plea (see People v Bruchanan, 37 AD3d 169, 169 [1st Dept 2007], lv denied 8 NY3d 982 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024