People v Rosser (2025 NY Slip Op 05046)

People v Rosser

2025 NY Slip Op 05046

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Ind. No. 634/14, SCI No. 1255/15|Appeal No. 4713|Case No. 2017-01975|

[*1]The People of the State of New York, Respondent,
v
Robin Rosser, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Whitney Elliot of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Peter Rienzi of counsel), for respondent.

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered December 22, 2016, convicting defendant, upon her pleas of guilty, of criminal possession of stolen property in the fourth degree under indictment No. 634/14 and of grand larceny in the third degree under SCI No. 1255/15, and sentencing her to concurrent terms of 2 to 4 years, unanimously modified, on the law, to the extent of amending the sentence and commitment sheet under SCI No. 1255/15 to reflect that defendant was a second felony offender rather than a second violent felony offender, and otherwise affirmed.
Defendant's claim that she did not engage in conduct which violated the terms of the plea agreement and authorized the termination of her participation in the treatment program, is unpreserved (see People v Spruill, 200 AD3d 475, 475 [1st Dept 2021], lv denied 38 NY3d 930 [2022]), and we decline to consider it in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in imposing the sentence. The record establishes that defendant was sufficiently advised of the completion requirements of the treatment program and the consequences of failure to abide by the terms (see People v Vargas, 173 AD3d 495, 496 [1st Dept 2019], lv denied 34 NY3d 393 [2019]; People v Harris, 103 AD3d 427, 428 [1st Dept 2013], lv denied 21 NY3d 943 [2013]). Defendant did not dispute that she violated the conditions of the plea, nor did she dispute that the court was authorized to terminate her participation in the program as a result of those violations (see People v Gines, 233 AD3d 417, 418 [1st Dept 2024], lv denied 43 NY3d 1045 [2025]; see also People v Fiammegta, 14 NY3d 90, 96 [2010]).
The court providently exercised its discretion in terminating defendant's participation in the treatment program and sentencing defendant (Gines, 233 AD3d at 418), and we find no basis to modify the court's determination in the interest of justice.
The sentence and commitment sheet should be amended to the extent indicated. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025