People v Gonzalez (2025 NY Slip Op 06288)

People v Gonzalez

2025 NY Slip Op 06288

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind No. 4225/18, 70256/22|Appeal No. 5173-5174|Case No. 2023-01982, 2023-01200|

[*1]The People of the State of New York, Respondent,
v
Anthony Gonzalez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Dalourny Nemorin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jamie Masten of counsel), for respondent.

Judgments, Supreme Court, New York County (Diane Kiesel, J.), rendered August 9, 2022, convicting defendant, upon his pleas of guilty, of grand larceny in the fourth degree, grand larceny in the third degree, and bail jumping in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 4 to 8 years, unanimously affirmed.
Defendant's claim that his guilty pleas were rendered involuntary by the court's allegedly inaccurate description of his minimum potential sentence is unpreserved because he did not move to withdraw his pleas or challenge his convictions (see People v Williams, 27 NY3d 212, 214 [2016]; People v Concepcion, 210 AD3d 443 [1st Dept 2022], lv denied 39 NY3d 1071 [2023]), and we decline to review it in the interest of justice. The narrow exception to the preservation requirement does not apply because defendant had the practical ability to seek relief from the sentencing court (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Louree, 8 NY3d 541, 546 [2007]), and the record indicates that defendant was aware that he could receive concurrent sentences under Penal Law § 70.25(2-c), upon a showing of "mitigating circumstances that bear directly upon the manner in which the crime was committed." Moreover, even assuming that defendant was unaware that his sentences could run concurrently, "certainly defense counsel was aware," and defendant did not move to withdraw his plea during the two months between his plea and sentencing proceedings (People v Melendez, 201 AD3d 444, 445 [1st Dept 2022], lv denied 38 NY3d 929 [2022]).
We further find that, to the extent the court should have clarified its remarks regarding consecutive sentencing and the potential minimum sentence, this "is not, in and of itself, dispositive" as to the voluntariness of his plea (People v Garcia, 92 NY2d 869, 870 [1998]; People v Murray, 175 AD3d 1191 [1st Dept 2019], lv denied 34 NY3d 1018 [2019]). Here, defendant was repeatedly and correctly warned that he faced sentencing after trial as a discretionary persistent felony offender (see Penal Law §§ 70.00, 70.10), and the record does not establish that any alleged misinformation had an effect on his decision to plead guilty, in light of the strength of the People's case, the assistance of competent counsel, defendant's knowledge and experience, and the reasonableness of the promised sentence (see People v Murray, 175 AD3d at 1191; see also People v Joseph, 191 AD3d 148, 150 [1st Dept 2020], lv denied 36 NY3d 1121 [2021]).
Defendant's related ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Lowman, 24 AD3d 198 [1st Dept 2005], lv denied 6 NY3d 815 [2006]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668, 689-692 [1984]).
"Defendant did not preserve his claim that the court misapprehended whether it had discretion to impose concurrent sentences" (People v Diaby, 172 AD3d 473 [1st Dept 2019], lv denied 33 NY3d 1068 [2019]), and we decline to review it in the interest of justice. Defendant's failure to timely object to the court's alleged misunderstanding of its sentencing discretion denied the court an opportunity to address the perceived issue (see People v Giacchi, 154 AD3d 544, 545 [1st Dept 2017], lv denied 30 NY3d 1105 [2018]), and defendant did not proffer any "relevant information to assist the court" in determining whether his sentences should run consecutively or concurrently (Penal Law § 70.25[2-c]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025