People v Scott
2026 NY Slip Op 02933
May 12, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Brett Scott, Appellant.

Decided and Entered: May 12, 2026
Ind. No. 71513/23|Appeal No. 6597|Case No. 2024-04039|
Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Manvitha Kapireddy of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Claire Lynch of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered June 6, 2024, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him, as a second violent felony offender, to a term of 13 years followed by 5 years of postrelease supervision, unanimously affirmed.
Defendant failed to preserve his claim that his plea was involuntary because the court did not inform him of the term of postrelease supervision during the plea colloquy, as he did not object to the allocution or move to withdraw his plea (see People v Williams, 27 NY3d 212, 214 [2016]; People v Brown, 137 AD3d 674, 674 [1st Dept 2016], lv denied 27 NY3d 1149 [2016]; see also People v Catu, 4 NY3d 242 [2005]). Under the circumstances of this case, the narrow exception to the preservation requirement is inapplicable. "Defendant had ample opportunity to raise an objection to the postrelease supervision component" of his sentence (People v Crowder, 24 NY3d 1134, 1136-1137 [2015]; see People v Louree, 8 NY3d 541, 545-546 [2007]). At the outset of the plea proceedings, defendant was expressly informed by the prosecutor that the offer included a sentence with a five-year term of postrelease supervision. When entering the plea on defendant's behalf, defense counsel stated that defendant understood that the sentence included a five-year term of postrelease supervision. The court pronounced the sentence which included a five-year term of postrelease supervision. Therefore, defendant had the actual and practical ability to move to withdraw his plea (see People v Perez, 230 AD3d 1073, 1074 [1st Dept 2024], lv denied 42 NY3d 1081 [2025]; People v Melendez, 201 AD3d 444, 445 [1st Dept 2022], lv denied 38 NY3d 929 [2022]). As an alternative holding, we find that the record establishes that "defendant pleaded guilty with full knowledge of the consequences of his plea, including the prison and postrelease supervision terms" (People v Alicea, 106 AD3d 619, 620 [1st Dept 2013], lv denied 21 NY3d 1040 [2013]; see Catu, 4 NY3d at 245).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2026