People v Thomas (2020 NY Slip Op 03318)





People v Thomas


2020 NY Slip Op 03318


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


428 KA 16-02102

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANK THOMAS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 10, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, reckless endangerment in the first degree and menacing a police officer or peace officer. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing those parts convicting defendant of reckless endangerment in the first degree and menacing a police officer or peace officer and dismissing counts three and four of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), reckless endangerment in the first degree (§ 120.25), and menacing a police officer or peace officer
(§ 120.18). Defendant argues that the verdict is against the weight of the evidence with respect to the reckless endangerment and menacing counts.
"A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25). "In cases involving a discharged weapon, the firing of a gun, without more, is insufficient to support a reckless endangerment conviction; there must be evidence demonstrating that the discharge created a grave risk of death to a person" (People v Durham, 146 AD3d 1070, 1073 [3d Dept 2017], lv denied 29 NY3d 997 [2017], reconsideration denied 29 NY3d 1078 [2017]).
Insofar as relevant here, a "person is guilty of menacing a police officer . . . when[, inter alia,] he or she intentionally places or attempts to place a police officer . . . in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon" (Penal Law § 120.18 [emphasis added]). Supreme Court instructed the jury, without objection, that the display element required a "visual display" of the weapon.
At trial, the People's evidence on the menacing and reckless endangerment charges consisted entirely of the testimony of the two police officers upon whom defendant allegedly fired during a foot chase. One officer claimed to have heard a gunshot from about 10 feet away, but he never saw a gun brandished at him or anyone fire a gun; nor did he identify the trajectory or direction of the purported shot. The other officer heard a shot "from his northwest" and "believed" that it had been fired "at [the officers]" by defendant, but the officer also told his superior at the time that the shot could have been accidental. No bullets or spent shell casings were recovered from the scene, there was no physical evidence indicating the direction from which the bullet was allegedly fired, and there was no physical evidence indicating where any [*2]such bullet landed.
Given the evidence adduced by the People, the jury would have had to resort to sheer speculation to find that defendant displayed or fired a weapon, much less that he fired a weapon intentionally. The officers' testimony that they "heard" a gunshot from some distance away does not prove beyond a reasonable doubt, for purposes of the menacing charge, that defendant visually displayed the weapon that discharged the shot. Nor does such testimony prove beyond a reasonable doubt, for purposes of the reckless endangerment charge, that the shot was fired toward the officers and thereby created a grave risk of death to them. Indeed, the second officer's testimony that he "believed" that defendant had shot at the officers is speculative and is contradicted by his contemporaneous statement that the gun might have discharged accidentally.
In light of the foregoing, and in the absence of any eyewitness testimony that defendant brandished a gun at the officers and fired toward them (cf. People v Williams, 98 AD3d 1279, 1279-1280 [4th Dept 2012], lv denied 20 NY3d 1066 [2013]), a video recording of defendant brandishing a gun at the officers and firing toward them, physical evidence of a bullet or spent shell casing in the vicinity of either officer (cf. Durham, 146 AD3d at 1073-1074), or an admission of guilt (cf. generally People v Ullah, 130 AD3d 759, 760 [2d Dept 2015], lv denied 26 NY3d 1043 [2015]), we agree with defendant that the People failed to prove, at a minimum, either the display element of the menacing count or the grave risk element of the reckless endangerment count beyond a reasonable doubt. Consequently, sitting, in effect, as a second jury (see generally People v Gonzalez, 174 AD3d 1542, 1544-1545 [4th Dept 2019]) and viewing the evidence in light of the elements of the crimes of reckless endangerment in the first degree and menacing a police officer or peace officer as charged to the jury (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]), we conclude that the verdict as to those crimes is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). As we recently observed in analogous circumstances, "[a]lthough the People may have proved that defendant is probably guilty, the burden of proof in a criminal action is, of course, much higher than probable cause; the prosecution is required to prove a defendant's guilt beyond a reasonable doubt, and the evidence in this case does not meet that high standard" (People v Carter, 158 AD3d 1105, 1106 [4th Dept 2018]). We therefore modify the judgment accordingly.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court